BARRY J. PORTMAN
Federal Public Defender
JODI LINKER
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant LEHNHERR

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-07-0647 EMC |
| Plaintiff, | )<br>)<br>) | DEFENDANT'S SENTENCING MEMORANDUM |
| v. | ) | |
| MICHEAS LEHNHERR, | )<br>) | Hearing: April 23, 2008<br>Time: 9:30 a.m. |
| Defendant. | ) | |

It is clear from defendant Micheas Lehnherr's history that he has been plagued with an addiction to alcohol and drugs for many years. While he has repeatedly been sentenced to jail for the misconduct that resulted from his substance abuse issues, he has not been given the one thing that he needs more than anything – treatment. Indeed, despite an addiction that most likely began when he was just a teenager, Mr. Lehnherr has never received any type of counseling or treatment to curb his destructive substance abuse addiction. Now, by sentencing him to ninety days in an inpatient residential treatment program – consistent with the government's recommendation – this Court is in the unique position to sentence Mr. Lehnherr in a manner that will have the greatest likelihood of ending this cycle of addiction. The sentence jointly recommended by the parties in the plea agreement is sufficient but not greater than necessary to achieve the sentencing goals of 18 U.S.C. section 3553(a).

Def.'s Sentencing Memo;
Case No. 07-0647 EMC                           1

## BACKGROUND

### I.  Mr. Lehnherr's Personal History

Mr. Lehnherr has lived a difficult life in which the only thing that has been consistent is chaos. From a young age, he was traumatized by the early and sudden death of his mother in a car accident. Presentence Report ("PSR") ¶ 32. After his mother died, he was forced to move states to live with his father and step-mother; however, his father deceived him about the circumstances of this move, and did not inform him of his mother's death for approximately six months. *Id*. More devastating, however, was his father's alcoholism and physical abuse of Mr. Lehnherr. *Id*. The physical and verbal abuse that he suffered as a child was so extreme that he had to go to the hospital on at least two occasions. *Id*. At the age of fourteen, when the abuse became all too apparent, he was finally placed in a foster home. By this time, Mr. Lehnherr had been seriously scarred by years of abuse. Indeed, his father's abuse and deception have resulted in a deep mistrust and resentment that continues to afflict Mr. Lehnhher to this day.

While he has not followed his father's pattern of physical abuse, he has, unfortunately, inherited his father's alcoholism and inability to develop strong and meaningful relationships. Fortunately, Mr. Lehnherr is now committed to conquering his debilitating substance abuse issues. Mr. Lehnherr acknowledges that he has a very serious drinking problem, for which he requires treatment. Over the last several weeks, Mr. Lehnherr has engaged in residential substance abuse treatment at Newbridge Foundation and he is committed to continuing his treatment.

## DISCUSSION

### I.  The Sentencing Recommendation Provided for in the Plea Agreement is Reasonable

On January 23, 2008, Mr. Lehnherr and the government entered into a plea agreement in which Mr. Lehnherr pled guilty to violating 36 C.F.R. 1004.23(a)(1). Pursuant to the agreement, the parties jointly recommend that he be sentenced as follows:

(1)    90 days in an inpatient alcohol treatment program;

Def.'s Sentencing Memo;
Case No. 07-0647 EMC                    2

(2) Two years of probation;

(3) A $1,000 fine or completion of 125 hours of community service at the direction of the Probation Officer in lieu of payment of a fine;

(4) Restriction of the defendant's driving privileges for 90 days, except that the defendant may drive to and from work, to and from his counseling program, and to and from school. This condition will be waived if the defendant's driving privileges were suspended by the California Department of Motor Vehicles for 90 days as a result of this incident and the defendant provides proof of this suspension;

(5) Successful completion of an approved "Third Offender's DUI Program" at the direction of the Probation Officer;

(6) Maintenance of proof of financial responsibility for three years;

(7) Completion of an alcohol and drug assessment and treatment program at the direction of the Probation Officer; and,

(8) Payment of a mandatory special assessment fee of $10.

The defendant and the government continue to jointly recommend the sentence contained in the plea agreement. Such a sentence is appropriate given Mr. Lehnherr's individual circumstances. Moreover, should such a sentence prove inadequate or if Mr. Lehnherr violates any of its terms, the Court has sufficient recourse: at that time, it can determine whether further treatment, a sentence of imprisonment, or other terms and conditions is appropriate. The government concurs with this recommendation. In its Sentencing Memorandum, the government states:

> Ultimately, the government recommends that the Court's sentence include 90 days of treatment and that the Court set a post-sentencing status hearing at the completion of the defendant's first 90 days of treatment. At that time, if the defendant has succeeded in his inpatient treatment, the parties can explore whether further treatment options are available to the defendant. In the alternative, if the defendant fails to successfully complete treatment and drops out or is expelled from the program at Newbridge (or tests dirty or otherwise violates the standard probation conditions), then the Court could impose a

custodial sentence in line with Probation's recommendation. Any failure to successfully complete treatment at Newbridge will constitute a violation of the terms of Probation, which will allow the Court to revoke or modify the defendant's probation and re-sentence the defendant to a term of custody.

Mr. Lehnherr agrees that this is the most appropriate way for the Court to sentence him. The Court can set a status conference at the end of his ninety days of treatment. If Mr. Lehnherr has violated the terms of his sentence in any manner, the Court can address it at that time. If, however, Mr. Lehnherr successfully completes treatment, he can be placed on probation under explicit conditions that he continue with outpatient drug and alcohol treatment as recommend by his probation officer.

Significantly, if Mr. Lehnherr does not successfully complete the inpatient treatment program, or otherwise violations the conditions of his probation after he completes inpatient treatment, this Court has the ability to impose a jail sentence at that time. Under the scheme contemplated by the parties, Mr. Lehnherr is given the incentive to show the Court and the government that he can live a sober and law-abiding life. If the Court were to sentence him to jail at this time, it would significantly detract from any incentive that Mr. Lehnherr has to successfully complete his treatment program and finally kick his substance abuse problem.

Accordingly, Mr. Lehnherr respectfully requests that the Court follow the jointly recommended sentence contained in the plea agreement. Should Mr. Lehnherr violate any of the terms of that sentence (including the conditions while on two years of probation), the Court would have a significant and effective means of punishment: the Court could then sentence him to the sixty days of custody recommended by the Probation Officer.

**II.     Defendant's Recommended Sentence Is Sufficient But Not Greater Than Necessary To Fulfill the Sentencing Goals Under 18 U.S.C. Section 3553(a)**

While the Sentencing Guidelines do not apply to this case, the Court must consider the sentencing factors set forth in 18 U.S.C. section 3553(a) in determining the most appropriate sentence for Mr. Lehnherr. "The overarching statutory charge for a district court is to impose a sentence sufficient, *but not greater than necessary*" to achieve the goals of section 3553(a).

*United States v. Carty*, ___F.3d___, 2008 WL 763770, *3 (9th Cir. March 24, 2008), ((internal quotations omitted)). Those goals include the need:

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- to afford adequate deterrence to criminal conduct;
- to protect the public from further crimes of the defendant; and
- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Section 3553(a) directs sentencing courts to consider a number of additional factors, including:

- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, § 3553(a)(1);
- the kinds of sentences available, § 3553(a)(3);
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6);
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

A sentence of ninety days of residential treatment, as well as the other explicit sentencing conditions contained in the plea agreement, accomplishes the goals of section 3553(a). Mr. Lehnherr respectfully requests that the Court impose such a sentence based on the following:

First, in this, as in all DUI cases, one of the primary concerns is in protecting the public from further crimes of the defendant, specifically in ensuring that Mr. Lehnherr never drive a car while under the influence of drugs or alcohol. Protecting the public is an explicit goal of section 3553(a) and a very real concern in DUI cases because of the real and immediate threat the public faces when someone drives under the influence. Here, the best way to protect the public from the threat of Mr. Lehnherr reoffending is to give him the treatment necessary to ensure that he no long consumes alcohol or uses drugs. As the government asserts in its Sentencing Memorandum, "the defendant would strongly benefit from a prolonged period in treatment, during which time the defendant could address the substance abuse issues that have obviously been plaguing him since his early adulthood." U.S. Sentencing Memorandum at 5. During such treatment, Mr. Lehnherr would be forced to address the root causes of his addiction. It would provide much

greater protection for the public to have Mr. Lehnherr serve ninety days in an inpatient residential treatment program than to have him serve sixty days in jail.

Second, Mr. Lehnherr entered Newbridge Foundation, a residential treatment program on March 24, 2008. He has now begun what is an undoubtedly long and difficult process toward sober living. It would completely derail the rehabilitative process to remove him from the program at this time. By sentencing Mr. Lehnherr to ninety days residential treatment he would be able to continue on the positive rehabilitation path that he has now begun.

Third, if the Court were to sentence Mr. Lehnherr to report to custody *after* he completes residential treatment, that would also derail the rehabilitative process. After Mr. Lehnherr completes his residential treatment at Newbridge, he will require transitional and outpatient treatment to ensure that he maintains sobriety. He will need to learn how to live without drugs and alcohol once he is outside the restrictive residential treatment environment. This will require resources and supervision. Such resources will not be available if Mr. Lehnherr is sentenced to custody and he will not be able gradually to develop the skills necessary to live a sober life in the outside world. Indeed, the great progress that he will have made after completing the ninety days of residential treatment will be completely undermined if he is sent to custody after completing residential treatment.

Fourth, as explained above, the recommended sentence gives Mr. Lehnherr the best incentive to live a sober life and abide by the conditions of his probation. If the Court were to sentence him to sixty days of custody at this time, Mr. Lehnherr would lose much of his incentive to reform his life and address his substance abuse issues. The sentencing scheme recommended by the parties is a "carrot and stick" approach. Mr. Lehnherr will be given a great incentive to succeed in his rehabilitation, and the Court maintains a very heavy stick should he fail to do so.

Fifth, Mr. Lehnherr is extremely intelligent and has recently returned to school to obtain a college degree. He has been enrolled at City College of San Francisco for the past academic year

1 and is studying graphic design.[1]  While he has been employed as a freelance graphic designer for
2 the past ten years, he has come to realize that he needs more formal education to succeed in that
3 profession.  In particular, he is seeking instruction on the general business skills and practices
4 necessary to earn a living as a graphic designer.  Mr. Lehnherr intends to continue with his
5 studies when he completes his residential treatment program.  Should he successfully complete
6 residential treatment and conquer his substance abuse issues, he will likely succeed in pursuing
7 his academic and professional goals.

8       Finally, a federal conviction and sentence of ninety days residential treatment and two
9 years of probation are serious consequences that will more than adequately punish Mr. Lehnherr
10 for his particular conduct and will also adequately deter any future wrongful conduct.

11 **CONCLUSION**

12       In full consideration of his history and characteristics, together with the other goals of
13 sentencing , Mr. Lehnherr respectfully requests that the Court sentence him as jointly
14 recommended by the parties in the plea agreement – a sentence which is sufficient but not greater
15 than necessary to meet the Court's sentencing objectives.

16 Dated: April 16, 2008			Respectfully Submitted,

17 					BARRY J. PORTMAN
					Federal Public Defender
18
19 					    /s/
					JODI LINKER
20 					Assistant Federal Public Defender

---

[1] While the Probation Officer was unable to verify enrollment at City College for Spring 2008 at the time the PSR was submitted, subsequent documentation has been provided to the Probation Officer to verify such enrollment.

Def.'s Sentencing Memo;
Case No. 07-0647 EMC			7