# UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF CALIFORNIA
San Francisco Venue

## Second Amended Petition for Arrest Warrant for Offender Under Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | Micheas Lehnherr | Docket No.: | CR 07-0647-01 EMC |

Name of Sentencing Judge:   Edward M. Chen
United States Magistrate Judge

Date of Original Sentence:   June 11, 2008

Original Offense:
Count One: Operating a Motor Vehicle Under the Influence of Alcohol, 36 C.F.R. § 1004.23(a)(1), a Class B misdemeanor

Original Sentence: 4 years probation
Special Conditions:   $10 special assessment; drug/alcohol treatment; abstain from alcohol; participate and complete residential drug treatment followed by sober living housing; 125 hours of community service; proof of financial responsibility; restriction of driving privileges for four years; completion of Third Offender's DUI program.

Type of Supervision: Probation                    Date Supervision Commenced: June 11, 2008
Assistant U.S. Attorney: Wendy Thomas              Defense Counsel: Jodi Linker (AFPD)

### Petitioning the Court

The issuance of a no bail warrant for the offender's arrest and to take notice of the inclusion of Charge four. A hearing is currently pending before the Magistrate Judge Edward M. Chen on June 25, 2008 at 9:30 a.m.

I, Jacqueline Sharpe, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
|---|---|
| One | There is probable cause to believe that the offender violated special condition number four that he shall complete the Bridge II Residential Treatment program and afterwards shall enter a sober living facility as directed by the probation officer. |

    On June 14, 2008, the defendant left the Bridge II facility without permission. He returned to the facility approximately two hours later and was granted approval to remain in the program. According to program director, Peter Budlong, the defendant remained non-compliant, i.e. refusing to attend group meetings and take prescribed medication upon his return. On June 15, 2008, at approximately 3:00 p.m., the defendant left the Bridge II facility without permission. He was terminated effective June 15, 2008.

    Evidence to support this charge is contained within the offender's chronological entry dated June 16, 2008, and upon this officer's testimony.

| | |
|---|---|
| Two | There is probable cause to believe that the offender violated special condition number one that he shall abstain from the use of all alcoholic beverages. |

    On June 19, 2008, the defendant reported to the U.S. Probation Office as directed by this officer for a meeting to discuss his housing situation. The defendant arrived with visible bruising and abrasions to his head and face. The defendant revealed that he had begun drinking alcohol, specifically whiskey, at 3 p.m. on June 18, 2008, while at a friend's home in San Francisco, California. The defendant stated that after approximately five p.m. he "blacked out" and does not recall the subsequent events until he woke up at St. Luke's Hospital in San Francisco. He reported that he was told that he had fallen out of a vehicle at a gas station; however, he does not recall the incident. Based on this information and charge three, the defendant was placed at the Residential Reentry Center in San Francisco pending the scheduled court appearance on June 25, 2008.

    Evidence to support this charge is contained within the offender's chronological entry dated June 20, 2008, and upon this officer's testimony.

Micheas Lehnherr  Page 3
CR 07-0647-01 EMC

Three   There is probable cause to believe that the offender violated standard condition number three that he shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

On June 16, 2008, during a meeting with the defendant and his attorney in the U.S. Probation Office, Mr. Lehnherr informed this officer that since his discharge from Newbridge on June 15, 2008, he had been staying with a friend, "Phil," at 638 Broadmoor Avenue in San Leandro, California. Mr. Lehnherr stated that this person was a friend from Alcoholics Anonymous and had eleven years sobriety. This officer allowed Mr. Lehnherr to remain at this residence pending a status meeting on June 20, 2008, with this officer with the understanding that he would check in daily by phone and that this officer would be making a home visit on June 18, 2008. This officer arrived at the residence at 638 Broadmoor Avenue on the morning of June 18, 2008. No one was present. Later that morning, Mr. Lehnherr stated by phone that "Phil" had not wanted the probation officer to make a visit and that he had attempted to call me to let me know before my arrival. Mr. Lehnherr informed this officer on June 20, 2008, that in fact, he had left "Phil's" residence on June 17, 2008, to spend the night with a female friend in San Francisco, California, in violation of my instruction that he remain at 638 Broadmoor Avenue.

Evidence to support this charge is contained within the offender's chronological entries dated June 15, June 18 and June 20, 2008, and upon this officer's testimony.

Micheas Lehnherr  Page 4
CR 07-0647-01 EMC

**Four**   There is probable cause to believe that the offender violated standard condition number three that he shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

The defendant was instructed by this officer on June 19, 2008, to enter and remain in the Residential Reentry Center (RRC) in San Francisco, California, until his pending court appearance before Magistrate Edward M. Chen on June 25, 2008. The defendant consented to this placement and entered the facility at approximately 4:30 p.m. on June 19, 2008. This officer was contacted by staff at the RRC at 3:00 p.m. on June 20, 2008, requesting authorization for the defendant to leave the facility to attend an urgent medical appointment. The defendant stated that he was having difficulties with his medication and needed to see a doctor immediately. The defendant was given permission to go to his medical appointment. The RRC contacted the doctor's office and verified that the defendant did have an appointment at 5:00 p.m. Mr. Lehnherr was instructed to contact the RRC upon his arrival at the medical office and was to return to the facility by 7:00 p.m. Mr. Lehnherr did not contact the RRC upon his arrival and did not return to the facility. His whereabouts are unknown.

Evidence to support this charge is contained within the offender's chronological entries dated June 20 and 21, 2008, and upon this officer's testimony.

Based on the foregoing, there is probable cause to believe that Micheas Lehnherr violated the conditions of his supervision. Therefore, I ask the Court to issue a no bail warrant for his arrest.

Respectfully submitted,

_____
Jacqueline Sharpe
U.S. Probation Officer
Date Signed: June 23, 2008


Approved as to form:

_____
Anthony Castellano
Assistant Deputy Chief U.S. Probation Officer


Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

☒ The issuance of a no bail warrant.
☐ Other:

_____6/23/08_____          _____
Date                                Edward M. Chen
                                    United States Magistrate Judge