JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WENDY THOMAS (NYBN 4315420)
Special Assistant United States Attorney

   450 Golden Gate Avenue
   San Francisco, California  94102
   Telephone: (415) 436-6809
   Facsimile: (415) 436-7234
   E-Mail: wendy.thomas@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                               )<br>           Plaintiff,          )<br>                               )<br>     v.                        )<br>                               )<br>MICHEAS LEHNHERR,              )<br>                               )<br>           Defendant.          )<br>                               )<br>_____) | No. CR 07-0647 MAG<br><br>UNITED STATES' SUPPLEMENTAL<br>SENTENCING MEMORANDUM<br><br>Hearing:    July 9, 2008<br>Time:       9:30 a.m.<br>Courtroom:  C, 15th Floor<br>            Hon. Edward M. Chen |

## I  HISTORY OF THE CASE

On January 24, 2008, defendant Micheas Lehnherr pled guilty to Count Two of the

United States' Information charging Driving While Under the Influence of Alcohol pursuant to

36 C.F.R. § 1004.23(a)(1).  This Court originally set April 23, 2008, as the date for judgment and

sentencing.  At the April 23, 2008, hearing, the Court continued defendant's sentencing to June

11, 2008, so the defendant could complete ninety days of inpatient treatment that he had

commenced while under the supervision of Pretrial Services.  When the Court sentenced the

defendant on June 11, 2008, the Court imposed as a condition of four years of probation that the

defendant complete the Newbridge II program and then transition to a sober living environment.

Within the two weeks that followed sentencing, three different petitions (commonly known as

1

"Form 12s") for the defendant were filed by the Probation Officer, on June 16, 20, and 23 of 2008.  In total, the Petitions alleged the defendant had violated the following four probation conditions:

(1)    The defendant failed to complete the Newbridge II program in that the defendant left the Newbridge II program without permission on or about June 14 and June 15 of 2008;

(2)    The defendant failed to abstain from alcohol in that he admitted to his Probation Officer on June 19, 2008, that he had consumed alcohol starting on June 18, 2008, blacked out, and later woke up at St. Luke's hospital after purportedly having fallen out of a car;

(3)    The defendant failed to answer truthfully inquiries by his Probation Officer in that after telling his Probation Officer on June 16 that he was staying with his friend "Phil", the defendant thereafter left that residence and went to stay with another friend in violation of the Probation Officer's directions to the defendant and without telling his Probation Officer;

(4)    The defendant failed to answer truthfully inquiries by his Probation Officer in that after his Probation Officer placed the defendant in the Residential Reentry Center ("RRC") in San Francisco on June 19, 2008, the defendant thereafter left RRC on June 20, 2008, to go to a medical appointment and not only failed to make that appointment, but thereafter absconded from the RRC.

After making an initial appearance on the Form 12s on June 25, 2008, a revocation hearing was scheduled for July 2, 2008.  On July 2, 2008, the defendant admitted all four charges contained in the Second Amended Petition for Arrest Warrant for Offender Under Supervision. The Court then continued sentencing on this probation revocation to July 9, 2008.  The Court requested the parties address the issue of what sentences may lawfully be imposed for the above probation violations, and specifically whether the Court can impose custody as a condition of probation as a sentence for the defendant's probation violations and what period of time in custody that court can impose as part of such a sentence.

## II.  PENALTIES AVAILABLE UNDER THE LAW

### A.  Incarceration

As the defendant was convicted of a Class B Misdemeanor, the maximum term of imprisonment the Court can impose is six months.  36 C.F.R. § 1001.3; 18 U.S.C. § 3559(a)(7). This term of imprisonment on a B misdemeanor or 'petty' offense does not violate due process even if maximum statutory sentences on multiple B misdemeanor counts are imposed consecutively because these are "petty crimes or offenses. . .not subject to the Sixth Amendment jury trial provision." Lewis v. United States, 518 U.S. 322, 328 (1996)(citing Duncan v. Louisiana, 391 U.S. 145, 159 (1968)).  When the legislature determines an offense is "petty," the maximum authorized penalty is the "indication that is used to determine whether a jury trial is required", not the potential prison term. Id.  In Lewis, the court held that these rules apply even where a defendant has been convicted of multiple counts of misdemeanors and face a potential prison term of over 6 months. Id.  Furthermore, U.S. Sentencing Commission Guidelines Manual, § 1B1.9 application note 2 states explicitly that sentences for Class B and C misdemeanors may be imposed either consecutively or concurrently with sentences for other counts.

For example, in United States v. Gibson, the Court imposed four consecutive six month sentences on top of a forty-eight month felony assault conviction.  United States v. Gibson, 896 F.2d 206 (6th Cir. 1990).  The Circuit Court upheld this sentence and found it was not an abuse of discretion, taking particular note of the fact that the defendant had previously been convicted for driving under the influence nine times, asserting, "[i]ndeed, with nine convictions for driving under the influence of alcohol in eight years, Gibson is fortunate that he has not ended one of his intoxicated escapades facing a sentence for manslaughter or second degree murder." Gibson, at 210.

//

//

//

//

**B. Five Years of Probation**

Title 18, United States Code, section 3561(c)(2) sets the maximum term of probation for a conviction of a Class B Misdemeanor to a period of "not more than five years."[1] Any sentence of probation is conditional and subject to revocation until the expiration of its term. 18 U.S.C. § 3564(e). If a condition of probation is violated at any time prior to the expiration of termination of the term of probation, the court may revoke the sentence of probation and impose any other sentence that was available at the time of the initial sentencing. 18 U.S.C. § 3565(a)(2).[2]

As the crime in this case is a Class B Misdemeanor, the Sentencing Guidelines do not apply. U.S.S.G. § 1B1.9. That being said, Lehnherr's conduct constitutes a Grade C Probation Violation pursuant to § 7B1.1(a)(3)(B) of the United States Sentencing Guidelines. Pursuant to Title 18, U.S.C. section(s) 3565(a)(1) and (a)(2), this Court can either continue Lehnherr's probation (with or without modifying its terms) *or* revoke probation, and impose a term of incarceration. The Court can also extend the term of probation, but only if the term of probation originally imposed was less than the maximum term of probation authorized by statute. *See* U.S.S.G. § 7B1.3(a)(2); *see also* 18 U.S.C. § 3564.[3] Here, the court could extend defendant's term of probation from four years to five years.

**C. Conditions of Probation**

This Court could also impose additional conditions of probation upon finding a Grade C violation under United States Sentencing Guidelines § 7B1.3(a)(2)(B). Title 18 of the United States Code Section 3563 provides that the Court may impose a variety of conditions of

---

[1] Interestingly, this Court may not have been bound by the minimum and maximum federal statutory guidelines if Lehnherr's underlying conviction had been a conviction of a state crime assimilated under the Assimilated Crimes Act, Title 18, United States Code, section 13. *See e.g. U.S. v. Thomas*, 68 F. 3d 392 (10th Cir. 1995); *see also e.g. U. S. v. Garcia*, 893 F. 2d 250 (10th Cir. 1995); *U.S. v. Gibson*, 896 F. 2d 206 (6th Cir. 1990). However, Lehnherr was originally convicted of a federal DUI, and therefore the state law applicable to minimum and maximum terms of probation is not relevant to this inquiry.

[2] <u>United States v. Barnes</u>, 732 F. Supp. 831 (E.D.Tenn. 1989)(Court upheld four month term of imprisonment following B Misdemeanor probation revocation).

[3] *See also* <u>United States v. McCrae</u>, 714 F.2d 83 (9th Cir. 1983)(Court properly extended defendant's period of probation following revocation).

1   probation.  One condition of probation that the Court may impose is that the defendant "remain

2   in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time,

3   totaling no more than the lesser of one year or the term of imprisonment authorized for the

4   offense, during the first year of the term of probation.."  18 U.S.C. § 3563(b)(10).  Other

5   conditions the Court is authorized to impose as a condition of probation include that the

6   defendant participate in employment or schooling (18 U.S.C. § 3563(b)(4)), undergo psychiatric

7   or substance abuse treatment (18 U.S.C. § 3563(b)(9)), or confinement in a residential program

8   or halfway house (18 U.S.C. § 3563(b)(11)).

9        Various courts have addressed the legality of custody as a condition of probation.  In

10  Shabazz v. Carroll, the defendant appealed his sentence of 165 days intermittent confinement as

11  a condition of five years of probation.  Shabazz v. Carroll, 814 F.2d 1321 (9th Cir. 1987),

12  amended on other grounds, 833 F.2d 149 (9th Cir. 1987), cert. denied, 487 U.S. 1207 (1988).[4]

13  There the court upheld the sentence, stating:

14      [T]he requirement that Shabazz spend 165 days on consecutive weekends in
        a jail-type institution does not violate the six-month limitation in 18 U.S.C.
15      § 3651.  Although Shabazz would not have completed the incarceration
        requirement for about 20 months, he would have been confined for less than
16      the 180-day maximum allowed by the statute.

17      Finally, the imposition of some incarceration as a condition of probation
        does not, as Shabazz argues, violate the double jeopardy clause of the fifth
18      amendment. Section 3651 specifically authorizes incarceration in a jail-type
        institution as a condition of probation. Velazco-Hernandez, 565 F.2d at
19      585.[5]  Where Congress has clearly allowed such a sentence, there is no
        double jeopardy violation even if incarceration as a condition of probation,
20      and the probation itself, are considered multiple punishments for the same

21

22      [4] A number of unpublished Ninth Circuit opinions have also addressed this issue.  See United
23  States v. Anderson, 1990 U.S. App. LEXIS 20598 (9th Cir. 1990)(defendant served sixty days as a
    condition of three years of probation); United States v. Bohn, 1993 U.S. App. LEXIS 17102 (9th Cir.
24  1993)(Court upheld defendant's sentence that included six months incarceration as a condition of
    probation); United States v. Koach, 1994 U.S. App. LEXIS 9512 (9th Cir. 1994)(Defendant's sentence of
25  incarceration as a condition of probation upheld); United States Dist. Court v. Collotta, 2008 U.S. Dist.
    LEXIS 47676 (Defendant's motion to modify her sentence was denied where she was sentenced to
26  probation, four months home confinement, and sixty days intermittent confinement).

27      [5] In United States v. Velazco-Hernandez, 565 F.2d 583 (9th Cir. 1977), defendant's sentence of
28  ninety days in custody followed by three years of probation was upheld following his conviction for
    smuggling merchandise to the United States.

1   offense. *See* <u>Missouri v. Hunter</u>, 459 U.S. 359, 368-69, 74 L. Ed. 2d 535,
    103 S. Ct. 673 (1983).

2   <u>Shabazz</u>, at 1323.

3           In <u>United States v. Clayton</u>, a defendant was originally sentenced to six years in custody

4   but the Court then suspended the six year sentence and ordered the defendant serve ninety days

5   custody on consecutive weekends followed by five years of probation.  The defendant thereafter

6   violated her probation and the Court vacated the original sentence and imposed a sentence of six

7   months custody followed by five years probation.  The defendant appealed her sentences in

8   <u>Clayton</u> but the Court upheld the sentence, stating, "[t]his is a legal sentence within the

9   discretion of the court, and when Clayton violated the condition of probation, the court upon

10  revocation of probation could impose the sentence it might originally have imposed, 18 U.S.C. §

11  3653, even if more severe than the original sentence."  <u>United States v. Clayton</u>, 588 F.2d 1288,

12  1291 (9th Cir. 1979).  *See also* <u>Peltier v. Wright</u>, 15 F.3d 860 (9th Cir. 1994) (sixty days

13  defendant spent in county jail was a condition of the probation, rather than part of a sentence).

14          In <u>United States v. Martenson</u>, the defendant was sentenced on multiple counts of mail

15  fraud, wire fraud, and racketeering to twelve years in prison, probation, and restitution.  <u>United</u>

16  <u>States v. Martenson</u>, 178 F.3d 457 (7th Cir. 1999).  After serving his prison sentence, the

17  defendant filed a motion to amend his sentence pursuant to Fed. R. Crim. P. 35(a), alleging his

18  sentence was unlawful because it contained (1) a term of incarceration exceeding six months;

19  and (2) a term of probation (with restitution).  Defendant claimed the Federal Probation Act, 18

20  U.S.C. § 3651, did not permit a term of incarceration exceeding six months and a period of

21  probation to be ordered on any one count of conviction.  Defendant conceded that probation with

22  a sentence up to six months was lawful, but argued "once he had served more than six months of

23  his sentence, under the terms of § 3651, the court lacked authority to impose a term of

24  probation." <u>Martenson</u>, at 462.  The Court's solution in Martenson was to rebundle the

25  defendant's sentence to include the five years probation on one of the counts to which he was

26  convicted.  <u>Martenson</u>, at 463.

27          Since <u>Shabazz</u> and <u>Clayton</u> addressed the legality of custody as a condition of probation,

28  the question then turns to whether the custody must be intermittent, or may be straight custody as

U.S. SUPP. SENT. MEM.
CR 07-0647 EMC                          6

a condition of probation.  When defendant raises the point that the Court should not sentence the

defendant to custody *and* probation, defendant is likely relying on United States v. Forbes.

United States v. Forbes, 172 F.3d 675 (9th Cir. 1999).  In United States v. Forbes, defendant was

originally sentenced to five years of probation that included six months imprisonment as a

special condition of probation.  Defendant appealed the conviction and the Ninth Circuit vacated

the sentence and remanded, stating:

> 18 U.S.C. § 3561 is headed "Sentence of probation" and provides for such a
> sentence 'unless . . . the defendant is sentenced at the same time to a term of
> imprisonment for the same or a different offense that is not a petty offense.'
> Id. at (a)(3). The statute precludes the imposition of both probation and
> straight imprisonment. Forbes's objection to the sentence was unclear, but
> the error is plain and meets the criteria of United States v. Olano, 507 U.S.
> 725, 123 L. Ed. 2d 508, 113 S. Ct. 1770 (1993).
>
> The government points to 18 U.S.C. § 3563(b), which does permit as a
> condition of probation a sentence to the custody of the Bureau of Prisons
> 'during nights, weekends, or other intervals of time, totaling no more than
> the lesser of one year or the term of imprisonment authorized for the offense
> . . . .' No doubt Forbes could have been imprisoned nights or weekends but
> a straight sentence of six months is not the intermittent incarceration that
> this statute permits.

Forbes, at 676.

The government should also bring the Court's attention to United States v. Anderson,

where the Court interpreted 18 U.S.C. § 3563(b)(10) to require that any term of custody imposed

as a condition of probation be intermittent confinement and could not be a "straight"

imprisonment.  U.S. v. Anderson, 787 F.Supp 537, 538 (D.Md. 1992).[6]

Here the recommended sentence of four months in custody as a condition of probation is

less than one year and less than the term authorized by the offense, which is six months.  In the

event the court finds that it should impose intermittent confinement, it could impose a sentence

of four months in custody, to be served in thirty day increments, with a two years of probation to

follow.  The defendant could serve the four months in custody intermittently during the first

twelve months of his probation.

---

[6] There is also an unpublished decision on this issue.  *See* U.S. v. Mize, 1998 WL 160862,
(D.Kan 1998), where the Court also found that custody must be intermittent as opposed to straight
confinement.

U.S. SUPP. SENT. MEM.
CR 07-0647 EMC                    7

1    However, in the event the defendant strenuously objects to any supervision to follow his

2 custodial sentence and the Court is persuaded to not impose supervision as part of its sentence

3 for the defendant's probation violation, and instead prefers supervision to terminate following a

4 custodial sentence, then the United States recommends the Court sentence the defendant to six

5 months in custody.  Either sentence is justified given the facts of the case.

6

7 DATED: July 6, 2008       Respectfully submitted,

8

9               JOSEPH P. RUSSONIELLO
                United States Attorney

10

11               _____/s/_____

12               WENDY THOMAS
                Special Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. SUPP. SENT. MEM.
CR 07-0647 EMC      8