1   BARRY J. PORTMAN
    Federal Public Defender
2   JODI LINKER
    Assistant Federal Public Defender
3   19th Floor Federal Building
    450 Golden Gate Avenue
4   San Francisco, CA 94102
    Telephone:  (415) 436-7700
5
    Counsel for Defendant LEHNHERR
6

7
                    IN THE UNITED STATES DISTRICT COURT
8
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10  UNITED STATES OF AMERICA,            )    No. CR-07-0647 EMC
                                         )
11              Plaintiff,               )    DEFENDANT'S MEMORANDUM RE:
                                         )    SENTENCING ON PROBATION
12  v.                                   )    REVOCATION
                                         )
13  MICHEAS LEHNHERR,                    )
                                         )    Hearing:      July 9, 2008
14              Defendant.               )    Time:         9:30 am
    _____  )

15

16          On July 2, 2008, defendant Micheas Lehnherr appeared before this Court for a hearing on

17  his alleged violation of probation.  At that time, Mr. Lehnherr admitted the alleged probation

18  violations, and the U.S. Probation Officer and the government requested that Mr. Lehnherr's

19  probation be revoked and he be sentenced to four months of straight confinement as a condition

20  of two years of probation.  Mr. Lehnherr objected to such a sentence and argued that the Court

21  could not impose *both* a term of four months incarceration *and* a term of probation.  The Court

22  requested that the parties submit briefing on the legality of the government and probation

23  officer's requested sentence.  As explained below, and as the government appears to concede in

24  its Supplemental Sentencing Memorandum, the Ninth Circuit has made absolutely clear that the

25  Court may not impose the recommended sentence because it impermissibly includes a straight

26  term of incarceration and a term of probation.

    Def.'s Memo. re: Sentencing on Probation
    Revocation; Case No. 07-0647 EMC              1

1                                                   **BACKGROUND**

2          On January 24, 2008, Mr. Lehnherr pled guilty to one count of driving while under the

3   influence of alcohol in violation of 36 C.F.R. § 1004.23(a)(1).  On June 11, 2008, this Court

4   sentenced Mr. Lehnherr for his conviction to four years of probation with a condition that he

5   complete New Bridge II, a substance and mental health treatment program, and then transition to

6   a sober living environment as directed by his probation officer.  The Court further ordered that

7   Mr. Lehnherr perform 125 hours of community service in lieu of a fine.

8          Subsequently, United States Probation Officer Jacqueline Sharpe informed the Court that

9   Mr. Lehnherr had allegedly violated several conditions of his probation.  At issue here, on June

10  23, 2008, the Probation Officer filed a Second Amended Petition for Arrest Warrant for Offender

11  Under Supervision alleging four violations of Mr. Lehnherr's conditions of probation.  On June

12  25, 2008, Mr. Lehnherr appeared before the Court on the alleged violations of probation. At that

13  time, the Court remanded Mr. Lehnherr into custody and scheduled a probation revocation

14  hearing for July 2, 2008.  At the revocation hearing, Mr. Lehnherr admitted all four allegations

15  contained in the Second Amended Petition and the Court heard arguments from the parties on the

16  appropriate consequence of the violations.

17         The Probation Officer and the government requested that the Court revoke Mr.

18  Lehnherr's probation and sentence him to two years of probation with a special condition that he

19  serve four continuous months in custody.  Mr. Lehnherr objected to that recommendation and

20  argued that the sentence was excessive and in violation of the law.  Specifically, Mr. Lehnherr

21  argued that the Court could not impose both a straight term of four months of imprisonment *and*

22  a term of probation.  The Court requested briefing on that narrow issue and continued the

23  revocation hearing to July 9, 2008.  By and through counsel, Mr. Lehnherr submits this

24  memorandum in response to the Court's request.

25  ///

26  ///

Def.'s Memo. re: Sentencing on Probation
Revocation; Case No. 07-0647 EMC                    2

1                                    **ARGUMENT**

2          Pursuant to 18 U.S.C. Section 3565, upon a violation of a condition of probation, the

3    court may continue the defendant on probation "with or without extending the term or modifying

4    or enlarging the conditions" or "revoke the sentence of probation and resentence the defendant."

5    The Court may only resentence the defendant up to the maximum sentence that could have

6    originally been imposed for the underlying offense.  The maximum penalty for Mr. Lehnherr's

7    violation of 36 C.F.R. 1004.23(a)(1) is six months of imprisonment and/or a fine as provided by

8    law.  *See* 36 C.F.R. § 1.3(a).  Because the offense is a Class B misdemeanor pursuant to 18

9    U.S.C. § 3559(a)(7), the maximum fine permitted is $5,000.  *See* 18 U.S.C. § 3571(b)(6).  Rather

10   than sentence a defendant to a term of custody, the court may sentence a defendant convicted of

11   violating 36 C.F.R. § 1004.23(a)(1) to a term of probation not to exceed five years.  *See* 18

12   U.S.C. § 3551(b) & 3561(a) & (c)(2).  As a condition of any term of probation, the court *must*

13   impose certain "mandatory conditions" pursuant to 18 U.S.C. § 3563(a), and *may* impose

14   additional "discretionary conditions" pursuant to 18 U.S.C. § 3563(b).

15         The question at issue here – whether a court may impose a term of imprisonment as a

16   condition of probation – has been explicitly and definitively addressed by the Ninth Circuit.  In

17   *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999), the Ninth Circuit explicitly held that

18   a court may *not* impose both a straight term of imprisonment *and* a term of probation.  Rather,

19   any term of incarceration that the Court imposes as a condition of probation may include only

20   intermittent confinement as the statute explicitly allows only confinement during "nights,

21   weekends, or other intervals of time."  *Id*.  Contrary to the government's assertion at the hearing

22   on July 2, 2008, four months of straight imprisonment is *not* an "interval of confinement" as

23   permitted under the statute.  *See id.*

24         The authority cited by the government to the contrary is inapplicable here since it

25   predates the enactment of the Sentencing Reform Act of 1984, which dramatically changed the

26   federal sentencing scheme and eliminated the type of "split" sentence recommended by the

1  government here.  Indeed, under current law, it is clear that such a sentence is no longer

2  permissible.  The "Authorized Sentences" for those convicted of crimes are as follows:

3          (b) Individuals – An individual found guilty of an offense shall be sentenced in
           accordance with the provisions of section 3553, to –

4

5              (1) a term of probation as authorized by subchapter B [18 U.S.C. §§ 3561-3566];

               (2) a fine as authorized by subchapter C [18 U.S.C. §§ 3571-3574]; *or*

6

7              (3) a term of imprisonment authorized by subchapter D [18 U.S.C. §§ 3581-
               3586].

8          A sentence to pay a fine may be imposed in addition to any other sentence.  A sanction
           authorized by section 3554 [forfeiture], 3555 [notice to victims], or 3556 [restitution]

9          may be imposed in addition to the sentence required by this subsection.

10 18 U.S.C. § 3551(b) (emphasis added).

11          Accordingly, the statute governing authorized sentences is unambiguous that probation

12 may be imposed only in the *alternative* to a period of imprisonment, not – as requested by the

13 government – in addition to a period of imprisonment.  Under Section 3551, therefore, a

14 defendant may be sentenced to *either* to a period of probation and a fine, or to a period of

15 straight imprisonment and a fine.

16          The only form of incarceration that may be statutorily imposed in conjunction with a

17 period of probation is intermittent custody as a special condition of probation under 18 U.S.C. §

18 3563(b)(10).  Section 3563(b), which includes the discretionary conditions of probation,

19 provides as follows:

20          The court may provide, as further conditions of a sentence of probation, to the extent that
           such conditions are reasonably related to the factors set forth in section 3553(a)(1) and

21          (a)(2) and to the extent that such conditions involve only such deprivations of liberty or
           property as are reasonably necessary for the purposes indicated in section 3553(a)(2), that

22          the defendant—

23              * * *

24              (10) remain in the custody of the Bureau of Prisons during nights, weekends, or
               other intervals of time, totaling no more than the lesser of one year or the term of

25              imprisonment authorized for the offense, during the first year of the term of
               probation.

26

Def.'s Memo. re: Sentencing on Probation
Revocation; Case No. 07-0647 EMC                4

1  18 U.S.C. § 3563(b).

2      The Ninth Circuit has concluded that a straight sentence is not the intermittent custody

3  contemplated by Section 3563(b)(10) *even if* it can be completed within the first year of

4  confinement.  *See Forbes*, 172 F.3d at 676.  In *Forbes*, the lower court sentenced the defendant

5  to five years of probation with a condition that the defendant spend six months in custody.  *Id*.

6  On appeal, the Ninth Circuit held that such a split sentence violated the explicit terms of the

7  statute and remanded the case for resentencing.  *Id*.  The Court held as follows:

8      ***The statute precludes the imposition of both probation and straight imprisonment*. . . .**

9          The government points to 18 U.S.C. § 3563(b), which does permit as a condition
            of probation a sentence to the custody of the Bureau of Prisons "during nights, weekends,
10           or other intervals of time, totaling no more than the lesser of one year of the term of
            imprisonment authorized for the offense...."  No doubt Forbes could have been
11           imprisoned nights or weekends but a straight sentence of six months is not the
            intermittent incarceration that this statute permits.

12  *Id*. (emphasis added).

13      As in *Forbes*, the government's argument here that the four months of incarceration is

14  permissible as an "interval of time" under section 3563(b)(10) is without merit.  Mr. Lehnherr

15  could be imprisoned nights or weekends, but a straight sentence of four months is not the

16  intermittent incarceration that this statute permits.  *See id.*

17      The Ninth Circuit's decision in *Forbes* does not stand alone in this conclusion.   In

18  *United States v. Mize*, 1998 WL 160862, *1 (D. Kansas 1998) (unpublished), the defendant was

19  sentenced to a one-year term of probation on the special condition that he be incarcerated for

20  merely thirty days.  The defendant appealed the sentence, claiming that a straight thirty day term

21  of incarceration was not the "other interval of time" permitted by the statute.  After analyzing the

22  legislative history of the statute, the *Mize* court agreed with the defendant.  *Id*. at *1-2.  The

23  Court reasoned as follows:

24          The court believes the intent of Congress is not clear from the plain language of the
25           statute. Therefore, the court must look at other sources to determine what Congress meant
            "other intervals of time" to be.  Senate Report No. 225 on the Comprehensive Crime
26           Control Act of 1984 states that:

Def.'s Memo. re: Sentencing on Probation
Revocation; Case No. 07-0647 EMC                5

1    Paragraph (11) [since amended to be paragraph 10] authorizes as a condition that
the probationer remain in the custody of the Bureau of Prisons during nights,
2    weekends, or other intervals of time not to exceed in the aggregate one year,
during the first year of probation.  This provision permits short periods of
3    commitment to a training center or institution as a part of a rehabilitative
program. Flexibility is provided by permitting confinement in split intervals, thus
4    authorizing, for example, weekend imprisonment with release on probation during
the week for educational and employment purposes, or nighttime imprisonment
5    with release for such purposes during working hours. This condition could be
used only to deprive the defendant of his liberty to the extent "reasonably
6    necessary" for the purposes set forth in section 3553(a)(2).  It could also be used,
for example, to provide a brief period of confinement, e.g., for a week or two,
7    during a work or school vacation.  It is not intended to carry forward the split
sentence provided in 18 U.S.C. 3651, by which the judge imposes a sentence of a
8    few months in prison followed by probation.  If such a sentence is believed
appropriate in a particular case, the judge can impose a term of imprisonment
9    followed by a term of supervised released under section 3583 ...

10    1984 U.S.CODE CONG. & ADMIN. NEWS at 3281.

11    * * *

12    From these sources, it appears to the court that Congress intended incarceration
for "other intervals of time" to mean intermittent periods of time. This impression is
13    further supported by review of the Sentencing Guidelines. Section 5B1.3(e)(6) regarding
conditions of probation equates "intermittent confinement" with "custody for intervals of
14    time." This approach is taken in § 5C1.1(c), Application Note 1(b) to § 5B1.1, and
Application Note 3 to § 5C1.1 which speak to using "intermittent confinement" as a
15    condition of probation, but do not make reference to confinement for "other intervals of
time."

16

17    The court believes that making a 30 consecutive day term of prison a condition of
probation is too similar to the "split sentence" approach which Congress intended to
abolish with the Comprehensive Crime Control Act of 1984.  See U.S.S.G. § 5B1.1
18    Background note.  The court agrees with defendant that Congress intended "other
intervals of time" to mean intermittent periods of confinement.

19
*Id*. at 1-2 (internal citations omitted).
20
    While the *Mize* court's opinion is unpublished, it's reasoning is sound.  As such, even the
21
government's remedial approach of breaking the requested four month term of incarceration into
22
thirty consecutive day-terms does not alleviate the problem.  "Other intervals of time" means
23
intermittent periods of time, such as "a week or two, during a work or school vacation," it does
24
not mean a straight month of incarceration.  *See id*
25
    *United States v. Anderson*, 787 F. Supp. 537, 539 (D. Md. 1992), presents another
26

Def.'s Memo. re: Sentencing on Probation
Revocation; Case No. 07-0647 EMC                    6

1  strikingly similar situation.  There, the defendant was sentenced on a Class B misdemeanor to

2  three years of probation with a condition that he "remain in the custody of the Bureau of Prisons

3  for a period of sixty (60) days during the first year of the probation period." *Id*. at 538.  The

4  court vacated the sentence because it was *"plainly* imposed in violation of the law." *Id.* at 539

5  (emphasis added).

6  > Under the statutes dealing with federal sentencing as revised by the Sentencing Reform
>  Act of 1984, a period of "straight" imprisonment cannot be imposed at the same time as a
7  > sentence of probation, 18 U.S.C. § 3561(a)(3), nor is it expressly allowed as a condition
>  of probation under 18 U.S.C. § 3563(b). The only imprisonment options now allowed by
8  > statute as conditions of probation are intermittent confinement, community corrections
>  facility confinement, and home detention. 18 U.S.C. § 3563(b)(11), (12), and (20). Given
9  > the flat statutory prohibition of § 3561(a)(3), it is apparent that straight imprisonment, as
>  utilized in this case, may not properly be made a condition of probation under the
10 > catch-all "other conditions" language of § 3563(b)(21).

11 *Id*. The case was remanded to the Magistrate Judge to sentence the defendant to *either* a period

12 of imprisonment *or* probation on any lawful conditions.  *Id*.

13       A similar situation was also presented in *United States v. Sarpong*, Case No. 06-12 (E.D.

14 Va. 2006) (unpublished), attached hereto as Exhibit A.  In *Sarpong*, the defendant was convicted

15 of two misdemeanor violations for which the magistrate judge sentenced the defendant to three

16 years of probation with the special condition that he serve six months in custody.  *Id*. at 2.  On

17 appeal, the district court considered the same arguments and legal authority presented here and

18 similarly concluded that a straight term of incarceration could not be imposed as a condition of

19 probation.  *Id*. at 2-4.  The court remanded the case for resentencing after concluding that the six

20 months of custody was not permissible because under "a plain reading of the statute" a court

21 may not sentence a defendant to "one block of time" of incarceration as a condition of a term of

22 probation.  *Id*. at 4.

23       The same is true here: the Court may not sentence Mr. Lehnherr to a straight sentence of

24 four months incarceration as a condition of two years of probation.  Such a straight sentence is

25 not the intermittent incarceration permitted by the statute.  Nor would the legal infirmity of such

26 a sentence be cured by the government's suggestion that the sentence be broken into four one-

Def.'s Memo. re: Sentencing on Probation
Revocation; Case No. 07-0647 EMC                    7

1   month intervals spread out over one year.  The same could have been done with the six month

2   sentence in *Forbes*, yet the Ninth Circuit, albeit without so explicitly finding, did not even

3   contemplate such an obvious resolution, and instead vacated and remanded the case.  The Ninth

4   Circuit's implicit holding is that the court cannot circumvent the clear directive of the statute by

5   imposing a straight term of imprisonment under the guise of intermittent confinement.  Rather, it

6   is clear that the explicit language of the statute as well as its intention is to permit only short

7   periods, *i.e.,* "intervals" of confinement, as a condition of probation.

8          Thus, if the Court imposes a straight term of confinement it may not impose probation as

9   well.  Instead, the sentence *either* must be truly intermittent confinement (such as nights,

10  weekends or short intervals of time) as a condition of probation or a straight term of

11  imprisonment without any further supervision.

12                                   **CONCLUSION**

13         For the foregoing reasons, the Court cannot lawfully sentence Mr. Lehnherr to two years

14  of custody with a special condition that he spend four months in custody.

15  Dated: July 8, 2008                    Respectfully Submitted,

16                                         BARRY J. PORTMAN
                                           Federal Public Defender

17

18                                              /s/
                                           JODI LINKER
19                                         Assistant Federal Public Defender

20

21

22

23

24

25

26

Def.'s Memo. re: Sentencing on Probation
Revocation; Case No. 07-0647 EMC                    8