# EXHIBIT A

It is hereby

ORDERED that Defendant Reginald Sarpong's appeal of Magistrate Judge Buchanan's denial of his Motion to Suppress evidence is DENIED. It is further

ORDERED that Defendant Reginald Sarpong's appeal of the sentence imposed by Magistrate Judge Buchanan is GRANTED. The case is remanded back for resentencing.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this 17th day of April, 2006.

/s/ Gerald Bruce Lee
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
04/17/06

5

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
APR 17 2006
U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                      ) | CRIMINAL ACTION NO. 1:06-12 |
| ) | |
| REGINALD SARPONG,       ) | |
| ) | |
| Defendant.              ) | |

**ORDER**

THIS MATTER is before the Court on Defendant Reginald Sarpong's Magistrate Appeal of his conviction and sentence. This case concerns Defendant's arrest, conviction and sentencing for misdemeanor possession of crack cocaine, in violation of 21 U.S.C. § 844, and driving with a suspended license, in violation of 36 C.F.R. § 4.2, adopting VA. CODE ANN. § 46.2-30.1(B). The issues before the Court are: (1) whether Magistrate Judge Buchanan erred by denying Defendant's Motion to Suppress evidence where there was testimony that Defendant consented to exit his vehicle and the arresting officer had reasonable suspicion that the defendant was engaged in an illegal activity and (2) whether Magistrate Judge Buchanan erred by sentencing Defendant to three years of supervised probation with the special condition that Defendant serve six continuous months of incarceration, under 18 U.S.C. § 3563(b)(10).

6

First, for the reasons stated in open court on Wednesday, April 12, 2006, the Court finds that Magistrate Judge Buchanan did not err in denying Defendant's Motion to Suppress.

Second, the Court finds that Magistrate Judge Buchanan erred by sentencing Defendant to three (3) years of supervised probation with the special condition that Defendant serve six (6) continuous months of incarceration, under 18 U.S.C. § 3563(b)(10), because a plain reading of the statute required Magistrate Judge Buchanan to sentence the defendant to "intervals of time, totaling no more than . . . the term of imprisonment authorized for the offense. . . ." 18 U.S.C. § 3563(b)(10).

A right to appeal exists with regard to the sentence imposed by a magistrate judge if the sentence was imposed in violation of the law; was imposed as a result of an incorrect application of the sentencing guidelines; is greater that the sentence specified in the applicable guideline range; or was imposed for an offense for which there is no sentencing guidelines and is plainly unreasonable. 18 U.S.C. § 3742(a). 18 U.S.C. § 3563(b)(10) states in relevant part:

> **(b) Discretionary conditions.**-- The court may provide, as further conditions of a sentence of probation, to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2), that the defendant-
>
> . . .

2

> **(10)** remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation;

"Under the statutes dealing with federal sentencing, as revised by the Sentencing Reform Act of 1984, a period of 'straight' imprisonment cannot be imposed at the same time as a sentence of probation, 18 U.S.C. § 3561(a)(3), nor is it expressly allowed as a condition of probation under 18 U.S.C. § 3563(b)." *United States v. Anderson*, 787 F. Supp. 537, 539 (D. Md. 1992). Courts have also held that the only imprisonment options allowed for a conviction under section 3563(b), as conditions of probation, are intermittent confinement, community corrections facility confinement, and home detention. *Id.; See also United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999) (holding that a defendant "could have been imprisoned nights or weekends but a straight sentence of six months is not the intermittent incarceration that [the] statute permits"). The Court notes that the Eastern District of Virginia is silent on whether a conviction under section 3563 must be intermittent or can be given in a continuous block of time. Therefore, the Court turns to the plain language of the statute. A plain reading of the statute indicates that statute requires a trial court to sentence a defendant to "intervals of time, totaling no more than . . . the term of imprisonment authorized for the offense. . . ."

3

18 U.S.C. § 3563(b)(10). The Court finds that this means that a court cannot sentence a defendant to one block of time, but rather must proportion the sentence into intervals of time that do not total more than that which is authorized for the offense.

Therefore, the Court finds that Magistrate Judge Buchanan erred by sentencing Defendant to three (3) years of supervised probation with the special condition that Defendant serve six (6) continuous months of incarceration, under 18 U.S.C. § 3563(b)(10), because a plain reading of the statute required Magistrate Judge Buchanan to sentence the defendant to "intervals of time, totaling no more than . . . the term of imprisonment authorized for the offense. . . ." 18 U.S.C. § 3563(b)(10). The case is remanded back to the trial court for resentencing.